Jerry J. Jarzombek
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 4 2018

CLERK, U.S. DISTRICT COURT
By _____
                      Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| CYNTHIA BACY, § | Civil Action No. |
| § | |
| Plaintiff, § | **4-18 CV-310-A** |
| § | |
| vs. § | **COMPLAINT** |
| § | **and** |
| § | **DEMAND FOR JURY TRIAL** |
| MIDLAND FUNDING, LLC, § | |
| § | |
| Defendant. § | |
| § | (Unlawful Debt Collection Practices) |

### Preliminary Statement

1.      Plaintiff, Cynthia Bacy ("Bacy") brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act,

Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act,

Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages,

actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of

the FDCPA, the TDCA and the DTPA.

2.      Defendant, Midland Funding, LLC ("Midland") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Synchrony Bank.  The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance or services were the subject thereof, and the same were primarily for personal, family, or household purposes.  Specifically, the alleged debt arose from an alleged default of a credit card, which was used by the Plaintiff for non-business purposes.  Midland claims to have acquired the Debt after default solely for the purposes of collection.

### Jurisdiction and Venue

3.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

### Parties

5.      Plaintiff is a citizen of the State of Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

6.      Midland is an entity engaged in the business of collecting consumer debts in the Northern District of Texas.  The principal purpose of Midland's business is the collection of consumer debts which it has acquired, after default.  Midland does not extend credit to any of the consumers whose debt it acquires.  Rather, the sole purpose of the acquisition of these defaulted debts is their collection, for profit. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

and TEX. FIN. CODE § 392.001(6).  Midland is also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

### Factual Allegations

7.      On or about April 3, 2017, Midland filed suit in the Justice Court, Precinct 4, of Tarrant County, Texas under Cause No. JP04-17-DC00004397, styled *Midland Funding, LLC v. Cynthia Bacy* (the "State Court Case").  Plaintiff was served with the State Court Case on April 25, 2017.

8.      As to the parties and the Debt, the Justice Court, Precinct 4 of Tarrant County, Texas is not the Plaintiff's 15 U.S.C. § 1692i "district."  The Plaintiff was not a resident of Precinct 4 of Tarrant County, Texas at the time that the State Court Case was filed.  Moreover, the Plaintiff signed no contract with Synchrony Bank in Precinct 4 of Tarrant County, Texas.

9.      The relevant "judicial district or similar legal entity" is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the venue rules. *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 638 (7th Cir. 2014); *Hess v. Cohen & Slamowitz LLP,* 637 F.3d 117, 123-24 (2d Cir. 2011).  Venue must be laid in the state judicial unit that has jurisdiction over the claim, if that unit is smaller than a county.  *Nichols v. Byrd,* 435 F.Supp.2d 1101 (D.Nev. 2006).

10.      A Motion to Transfer Venue was filed in the State Court Case, seeking to transfer venue to the Justice Court, Precinct 8 of Tarrant County, Texas.  Midland non-suited the State Court Case before a ruling on the venue motion.  Plaintiff incurred attorney's fees in preparation and filing the Motion to Transfer Venue, due to Defendant's filing the State Court Case in an improper venue.

11.     The foregoing acts and omissions were undertaken on behalf of the Defendant by their respective officers, agents or employees, acting at all times relevant hereto within the scope of that relationship.

12.     The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff.

13.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief

14.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

a.      In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing suit in violation of TEX. R. CIV. P. 502.4(b) and TEX. CIV. PRAC. & REM. CODE § 15.092(c).

b.      In violation of 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(10) and the "least sophisticated consumer standard", the Defendant used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt.

c.      In violation of 15 U.S.C. § 1692(e)(5) and the "least sophisticated consumer" standard, the Defendant threatened to take an action (and actually took such an action) which cannot legally be taken or that is not intended to be taken.

d.      In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing suit in violation of TEX. R. CIV. P. 502.4(b) and TEX. CIV. PRAC. & REM. CODE § 15.092(c).

    e.    In violation of 15 U.S.C. § 1692i, the Defendants filed the State Court Case in Precinct 5 of Tarrant County, Texas which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action.

15.    Under 15 USC § 1692k, the Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

16.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

    a.    In violation of TEX. FIN. CODE § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

    b.    In violation of TEX. FIN. CODE § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

17.    Under TEX. FIN. CODE ANN. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## Third Claim for Relief

18.    The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

    a.    Pursuant to TEX. FIN. CODE ANN. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

19.    Under TEX. BUS. & COM. CODE ANN. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief, and reasonable attorney's fees. Specifically,

Plaintiff seeks to enjoin Defendant from suing her on debts in any forum that is not the judicial district in which she resided at the commencement of the litigation or signed the agreement which forms the basis of the debt.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DPTA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4. Grant such further relief as deemed just.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFF

△T J
JS 44 (Rev. 06/17) - TXND (Rev. 06/17)
ORIGINAL

RECEIVED
APR 2 4 2018
CLERK, U.S. ●●●● ●● ●●●●●
N●RTHERN DISTRI●● ●● ●●●●

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cynthia Bacy

**DEFENDANTS**
Midland Funding, LLC

**(b)** County of Residence of First Listed Plaintiff     Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC;
301 Commerce Street, Suite 2900; Fort Worth, TX 76102; 817-348-8325

Attorneys *(If Known)*

4-18 CV-310-A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
         Plaintiff

☒ 3   Federal Question
         *(U.S. Government Not a Party)*

❏ 2   U.S. Government
         Defendant

❏ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
      Proceeding

❏ 2 Removed from
      State Court

❏ 3 Remanded from
      Appellate Court

❏ 4 Reinstated or
      Reopened

❏ 5 Transferred from
      Another District
      *(specify)*

❏ 6 Multidistrict
      Litigation -
      Transfer

❏ 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 et seq.
Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000.00 ←

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE
04/24/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____